IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

5:21-CR-417-D

|  |  |
|---|---|
| UNITED STATES OF AMERICA | **AGREEMENT FOR** |
| v. | **PRETRIAL DIVERSION** |
| GARBART PIQUANT |  |

It is alleged that you, Garbart Piquant, have committed alleged offenses against the United States, that is, 18 U.S.C. § 1542 (False Statement in Passport Application), 18 U.S.C. § 611(a) (Voting by Alien), 18 U.S.C. § 911 (False Personation of a Citizen of the United States), 18 U.S.C. § 1015(f) (False Statement and Claim of United States Citizenship in Order to Register to Vote).

Upon accepting responsibility for your behavior, and by your signature on this Agreement, it appearing, after an investigation of the alleged offenses, and your background, that the interest of the United States, your own interest, and the interest of justice will be served by the following procedure:

Therefore, on the authority of the Attorney General of the United States, by Michael F. Easley, Jr., United States Attorney for the Eastern District of North Carolina, prosecution in the district of this alleged offense shall be deferred for the period of twelve (12) months from this date, provided you abide by the following conditions and the requirements of the Agreement set out below.

Should you violate the conditions of this Agreement, the United States Attorney may revoke or modify any condition(s) of the Pretrial Diversion Program or change the period of supervision which shall in no case exceed twelve (12) months. The United States Attorney may release you from supervision at any time. The United States Attorney may, at any time within the period of your supervision, initiate prosecution for the alleged offense should you violate the conditions of the Agreement. In this case, the United States Attorney may furnish you with notice specifying the condition(s) of the Agreement which you have violated.

Any statements made by you to the United States Probation Office in connection with this Agreement will not be admissible on the issue of guilt in any

1

subsequent proceeding.

After successfully completing your program, and fulfilling all the terms and conditions of the Agreement, no prosecution for the above-mentioned alleged offense(s) will be resumed in this district, and the United States Attorney will move to dismiss the Indictment in 5:21-CR-417-D.

## General Conditions of Pretrial Diversion Program

1. You shall not violate any law (federal, state and local). You shall immediately contact your pretrial diversion supervisor if arrested and/or questioned by a law enforcement officer.

2. You shall attend school or work regularly at a lawful occupation or otherwise comply with the terms of the special program described below. If you lose your job or are unable to attend school, you shall notify your pretrial diversion supervisor at once. You shall consult your pretrial diversion supervisor prior to job or school changes.

3. You shall report to your pretrial diversion supervisor as directed and keep your pretrial diversion supervisor informed of your whereabouts.

4. You shall continue to live in this judicial district. If you intend to move out of the district, you shall inform your pretrial diversion supervisor so that the appropriate transfer of program responsibility can be made.

5. You shall consent to a warrantless search by a United States Probation Officer or, at the request of pretrial diversion supervisor, any other law enforcement officer, of your person and premises, including any vehicle to determine compliance with the conditions of this agreement.

6. You shall provide the Probation Office with access to any requested financial information.

7. You shall follow the program and such special conditions as may be described below.

## Special Conditions

Description of special program:

1. Whenever called upon to do so by the United States, (1) to disclose fully and truthfully in interviews with Government agents information concerning all conduct related to the alleged offense(s) set out in this Agreement and any

2

other crimes of which you have knowledge, and (2) to testify fully and truthfully in any proceeding. These obligations are continuing ones. You agree that all of these statements can be used against you at trial if you withdraw from this Agreement or violate the conditions of this Agreement.

2. If you provide false, incomplete, or misleading information or testimony, this would constitute a breach of this Agreement by you, and you shall be subject to prosecution for any federal criminal violation. Any information provided by you may be used against you in such prosecution.

3. If you possess any voter registration cards or other voter registration documents, you shall turn those documents over to the Probation Office, Homeland Security Investigations, or the U.S. Department of State.

4. If you are still registered to vote (in any location or jurisdiction) you shall send notification to those jurisdictions to cancel or rescind your voter registration status.

5. You shall not register to vote, or vote, in any jurisdiction(s), unless and until your immigration status is adjusted or changed to that of a United States citizen.

6. If you still possess a birth certificate purporting to be issued by the Commonwealth of Virginia, you shall turn the document over to the Probation Office, Homeland Security Investigations, or the U.S. Department of State.

7. You will submit to the supervision of the United States Probation Office for the Eastern District of North Carolina as directed.

8. You shall remain upon the above conditions of pretrial diversion for a period of twelve (12) months from the date of execution of this agreement.

### ACKNOWLEDGEMENT AND ACCEPTANCE OF TERMS

I, Garbart Piquant, assert and certify:

I am aware of the fact that the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial. I am also aware that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the court may dismiss an indictment, information, or complaint for unnecessary delay in presenting a charge to the Grand Jury, filing an information, or in bringing a defendant to trial. I hereby request the United States Attorney for the Eastern District of North Carolina to defer such

3

prosecution. I agree and consent that any delay from the date of this Agreement to the date of initiation of prosecution, as provided for in the terms expressed herein, shall be deemed to be a necessary delay at my request, and I waive any defenses to such prosecution on the grounds that such delay operated to deny my rights under Rule 48(b) of the Federal Rules of Criminal Procedure and the Sixth Amendment to the Constitution of the United States to a speedy trial or to bar the prosecution by reason of the running of the statute of limitations for a period of months equal to the period of this Agreement.

I hereby state that I have read the above, and it has been explained to me. I understand the conditions of my Pretrial Diversion Program and agree that I will comply with them.

I further understand that in connection with the anticipated pending charge against me, the court must approve this agreement and my participation in the Pretrial Diversion Program.

_____        _July 14 2022_
GARBART PIQUANT                          DATE
Divertee

_____        _July 14 2022_
JAMES E. TODD, JR.                       DATE
Attorney for Divertee

_____        _7/15/2022_
GABRIEL J. DIAZ                          DATE
Assistant United States Attorney

_____        _7.22.2022_
KALLI K. VARGO                           DATE
U.S. Probation Officer

_____        _____
JAMES C. DEVER III                       DATE
United States District Judge

4